UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL PONOMARENKO, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>JEFFREY GALENS, et al., <br><br>    Defendants. | Case No. 24-cv-07913-VC <br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br>Re: Dkt. No. 6 |

    The motion to dismiss is granted with leave to amend. In its notice of removal, the government certified that Galens was acting within the scope of his federal employment at the time of the conduct alleged. Dkt. No. 1, Notice of Removal ¶ 4 (citing 28 U.S.C. § 2679(d)(2)). So the United States, not Galens or the Department of Veterans Affairs, is the proper defendant under the Federal Tort Claims Act (FTCA), which is the only means for the plaintiffs to get around sovereign immunity on their negligence claim. 28 U.S.C. § 1346(b); *see also Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tort actions against a federal agency. . ."). But the complaint does not speak to whether the plaintiffs have complied with the FTCA's exhaustion requirements, which is required for this Court to exercise subject matter jurisdiction. 28 U.S.C. § 2675(a); *see also Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). In addition, the complaint contains no factual allegations that could lead to an inference that the plaintiffs have a viable negligence claim.

    In their opposition to the motion to dismiss, the plaintiffs provided assurances that, given leave to amend, they could satisfy the FTCA's prerequisites and allege facts sufficient to establish a cause of action. Any amended complaint is due with twenty-one days of this order.

The initial case management conference currently scheduled for February 14, 2025, is continued to March 28, 2025.

**IT IS SO ORDERED.**

Dated: January 28, 2025

_____
VINCE CHHABRIA
United States District Judge